**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arturo Contreras, et al., | No. CV-17-08217-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Chester David Brown, et al., | |
| Defendants. | |

Pending before the Court is the parties' fourth request to extend the deadlines in this case. On November 14, 2018, the Court granted the parties' third request and extended the deadline to take expert depositions to January 31, 2019. (Doc. 81). The Court cautioned the parties that there would be "NO FURTHER EXTENSIONS" of the deadlines. (*Id*. at 2).

Nonetheless, the parties scheduled a deposition for January 29, 2019, 2 days before the deadline. The deponent canceled the deposition. The parties now seek a five-week extension of the remaining deadlines.

Rule 16 applies to pretrial conferences and scheduling orders. This Rule provides, in pertinent part:

> (b)
>> (1) Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order:
>>> (A) after receiving the parties' report under Rule 26(f); or
>>> (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means.

```
. . . .
(3)
    (A) The scheduling order must limit the time to join
        other parties, amend the pleadings, complete discovery,
        and file motions.
. . . .
(4) A schedule may be modified only for good cause and with
    the judge's consent.
```

"…Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Generally, to meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). The Ninth Circuit Court of Appeals has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

In this case, the Court does not find good cause to the extend the deadline. The parties had two and a half months notice that they had to complete these depositions by January 31, 2019, and that the deadlines would not be extended. Nonetheless (after three extensions) the parties scheduled a deposition only 2 days before the deadline. The Court's scheduling order was not bearing the risk that the deposition would not proceed as

scheduled, which is why the Court cautioned the parties that the deadlines would not be extended. Further, in waiting so late in the schedule to schedule the deposition, the Court does finds Defendants did not acted diligently in pursuing discovery.

Thus, based on the foregoing,

**IT IS ORDERED** that the fourth stipulation to extend deadlines (Doc. 113) is denied.

Dated this 31st day of January, 2019.

James A. Teilborg
Senior United States District Judge